# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

_____
)
**EDDIE SWINTON,** )
)
       Petitioner, )
)   **Civil Action No.**
       v. )   **17-11698-FDS**
)
**WARDEN JEFF GRONDOLSKY,** )
)
       Respondent. )
_____)

## ORDER DISMISSING PETITION

**SAYLOR, J.**

Pursuant to 28 U.S.C. § 2243, petitioner Eddie Swinton's petition for a writ of habeas corpus is hereby DENIED and this action is DISMISSED.

The petition is labeled as a "Petition for Writ of Habeas Corpus Ad Subjiciendum," and does not identify its statutory basis. It alleges, in substance, that his confinement is illegal. The Court will construe the petition under both 28 U.S.C. § 2241 and 28 U.S.C. § 2255.

A "'motion pursuant to [28 U.S.C.] § 2241 generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions.'" *Thornton v. Sabol*, 620 F. Supp. 2d 203, 206 (D. Mass. 2009) (quoting *Jiminian v. Nash,* 245 F.3d 144, 146 (2d Cir.2001). The claim here does not address any of those types of issues, and therefore the petition may be denied under 28 U.S.C. §2243.[1]

Under 28 U.S.C. § 2255, a federal prisoner who claims that his "sentence was imposed in

---

[1] The "savings clause" exception provides petitioner no relief under §2241 where there is no showing that a § 2255 motion was "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e).

violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence . . . , may *move the court which imposed the sentence* to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a) (emphasis supplied). The sentencing court here was the Southern District of Florida, not the District of Massachusetts, and therefore the Court has no jurisdiction or venue to entertain the petition to the extent it is brought under §2255. Furthermore, it would appear to be an unauthorized second or successive § 2255 petition.[2] Under the circumstances, the petition will be denied.

**So Ordered.**

Dated: September 27, 2017

/s/ F. Dennis Saylor IV
F Dennis Saylor, IV
United States District Judge

---

[2] A review of the dockets of the Southern District of Florida and the Court of Appeals for the Eleventh Circuit reveals that petitioner previously filed an unsuccessful §2255 motion on unrelated grounds, and that a counseled petition for leave to file a second and successive §2255 motion on unrelated grounds was denied. *United States v. Swinton,* No. 98-0698-Cr-KLR, Order Denying §2255 Motion, ECF No. 70 (S.D. Fla. Aug 14, 2001); *In Re: Eddie Swinton*, No. 16-13171-J, Order, 28 U.S.C. §2255(h) (11th Cir. June 30, 2016).